UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIE LEE WILBON, III**                    **CIVIL ACTION**

**versus**                                    **NO. 11-115**

**WARDEN ALVIN JONES**                        **SECTION: "I" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Willie Lee Wilbon, III, is a state prisoner incarcerated at the Riverbend Detention Center, Lake Providence, Louisiana. On April 26, 2005, he pleaded guilty to four counts of armed robbery under Louisiana law. On that same date, he was sentenced on each count to a concurrent term of twenty-five years imprisonment without benefit of probation, parole, or

suspension of sentence.[1]  On November 15, 2006, the Louisiana Fourth Circuit Court of Appeal affirmed those convictions and sentences.[2]  Petitioner's related writ application was then denied by the Louisiana Supreme Court on October 5, 2007.[3]

On or after January 28, 2010, petitioner filed a Motion for Writ of *Habeas Corpus* with the state district court.[4]  When the court failed to rule on that motion, he filed a Petition for Writ of Mandamus with the Louisiana Fourth Circuit Court of Appeal.[5]  On August 31, 2010, the Court of Appeal denied that petition, noting that petitioner's post-conviction motion was untimely under La. Code Crim. P. art. 930.8.[6]  Petitioner then filed a related writ application with the Louisiana Supreme Court[7] which currently remains pending.

---

[1]  State Rec., Vol. I of IV, transcript of April 26, 2005; State Rec., Vol. I of IV, minute entry dated April 26, 2005; State Rec. Vol. I of IV, guilty plea form.

[2] State v. Wilbon, No. 2005-KA-1261 (La. App. 4th Cir. Nov. 15, 2006) (unpublished); State Rec., Vol. I of IV.

[3] State v. Wilbon, 964 So.2d 938 (La. 2007) (No. 2007-KO-0336); State Rec., Vol. III of IV.

[4]  State Rec., Vol. IV of IV.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because petitioner's motion was signed on January 28, 2010, it obviously was placed in the mail no earlier than that date.

[5] State Rec., Vol. IV of IV.

[6]  State v. Wilbon, No. 2010-K-1100 (La. App. 4th Cir. Aug. 31, 2010) (unpublished); State Rec., Vol. IV of IV.

[7] State Rec., Vol. IV of IV.

On December 16, 2010, petitioner filed the instant federal application for *habeas corpus* relief.[8] The state contends that petitioner's federal application is untimely.[9] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[10]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on October 5, 2007. Therefore, under § 2244(d)(1)(A), his criminal judgments became "final" no later than January 3, 2008, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).[11] Accordingly, his period

---

[8] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his application in the prison mailing system on December 16, 2010. Rec. Doc. 1, p. 15.

[9] Rec. Doc. 16.

[10] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[11] The state argues that petitioner's Louisiana Supreme Court writ application was untimely and, therefore, his convictions became final much earlier. For the following reasons, this Court rejects that argument.
   As noted, on November 15, 2006, Louisiana Fourth Circuit Court of Appeal affirmed

- 3 -

for seeking federal *habeas corpus* relief commenced on that date and expired on January 5, 2009,[12] unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such state applications pending at any

---

petitioner's convictions and sentences. He then had thirty days from that date to file a writ application with the Louisiana Supreme Court. See Louisiana Supreme Court Rule X, § 5(a). Within that thirty-day period, he submitted to the Louisiana Supreme Court a motion for an extension of time to file his writ application. Although the rules of the Louisiana Supreme Court expressly provide that no such extensions will be granted, he was nevertheless granted such an extension. Specifically, the record contains a letter to petitioner from the Louisiana Supreme Court dated December 15, 2006, which states in pertinent part: "We have received your motion for an extension of time. You may have 60 days from the date of this letter to file your application." State Rec., Vol. III of IV, letter to petitioner from the Louisiana Supreme Court Central Staff. Because the Louisiana Supreme Court notified petitioner that an extension was granted, petitioner met the extended deadline, and there is no indication that his writ application was dismissed by that court as untimely, this Court, acting out of an abundance of caution, declines to find petitioner's Louisiana Supreme Court writ application to be untimely filed so as to adversely affect the date on which his convictions became final. See Hill v. Cooper, Civ. Action No. 04-2588, 2007 WL 458207, at *2 n.23 (E.D. La. Feb. 8, 2007); see also Harvey v. Andrews, Civ. Action No. 09-4200, 2010 WL 744944, at *4-5 (E.D. La. Feb. 26, 2010). Moreover, in any event, the resolution of this issue is not critical in the instant case, because petitioner's federal application is untimely regardless of whether his convictions were final thirty days after the Court of Appeal's judgment or ninety days after the Louisiana Supreme Court's judgment.

[12] Because January 3, 2009 was a Saturday, the limitations period was extended through the following Monday. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

time during the one-year limitations period.[13]  Therefore, he clearly is not entitled to statutory tolling.

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to equitable tolling.  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before January 5, 2009, in order to be timely.  His federal application was not filed until December 16, 2010, and it is therefore untimely.

---

[13]  The Court notes that petitioner filed a Motion for Writ of *Habeas Corpus* with the state district court on or after January 28, 2010. However, such an application filed after the expiration of the federal statute of limitations has no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Willie Lee Wilbon, III, be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this twenty-seventh day of June, 2011.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.